THOMAS W. BURNSIDE, Respondent, *v.* EDGAR BLOXHAM, Appellant.

Supreme Court, Appellate Term, First Department, October Term — Filed November, 1923.

**Evidence — master and servant — wrongful discharge — subsequent dishonesty of servant.**

In an action for wrongful discharge it is competent for the defendant to show in reduction of damages that the plaintiff after his discharge but during the term of his employment was discharged by a later employer for dishonesty.

APPEAL by defendant from a judgment of the Municipal Court, borough of Manhattan, fifth district, in favor of plaintiff, after trial by the court without a jury.

*Townsend & Kindleberger* (*E. Crosby Kindleberger*, of counsel), for appellant.

*Walter E. Godfrey* (*Aaron H. Marx*, of counsel), for respondent.

MULLAN, J. In this action for wrongful discharge, the defendant offered to show, in reduction of damages, that after the discharge that is the basis of the action, the plaintiff, during the term of the employment by defendant, was discharged by a later employer for dishonesty. We are of the opinion that the evidence should have been received. It is plain that if a discharged employee, whose duty it is to obtain other employment so as to reduce the

amount of the discharging employer's liability, should deliberately incapacitate himself, it would be competent and proper to find what earnings he deprived himself of by the incapacitation. While, in a sense, the succumbing to temptation to dishonesty may be ascribable more to weakness than to deliberate intent, the incapacity directly springs, nevertheless, from the employee's own conduct. Had the employee been sent to prison for dishonesty, could it be doubted that the employer would be entitled to a reduction of damage to the extent of the sum representing the probable earnings of the employee during the period of incarceration, inside of the term of employment? I advise that the case be sent back so that the rejected evidence may be taken.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and BIJUR, JJ., concur.

Judgment accordingly.